

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY CO., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) ) No. 07 C 4228 |
| v. | ) ) Judge Ruben Castillo |
| LASALLE RE LTD., a Bermuda corporation, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the emergency motion of Plaintiff Continental Casualty Co. ("Continental") to remand this case to state court. (R. 6.) For the following reasons, the motion is denied.

## BACKGROUND

Continental, an Illinois corporation having its principal place of business in Chicago, and Defendant LaSalle Re Ltd. ("LaSalle"), a Bermuda corporation having its principal place of business in Hamilton, Bermuda, were parties to several reinsurance agreements, including one known as "All Classes Excess of Loss Retrocession Agreement No. 8550-98" effective from July 15, 1998 to December 31, 2000 ("Retrocession Agreement"). (R. 8, Kreger Aff., Ex. 1(B), Retrocession Agreement; *Id.*, Ex. 1, Continental's State Complaint at ¶¶ 9-10.) The Retrocession Agreement contained an arbitration clause requiring the parties to arbitrate disputes arising thereunder. (*Id.*, Ex. 1(B), Retrocession Agreement, Art. XXX.)

1

In April 2004, Continental and LaSalle executed a Commutation and Release Agreement ("Release Agreement"), the stated purpose of which was to "fully and finally terminate, release, determine and fully and finally settle, commute and extinguish all their respective past, present, and future obligations and liabilities, known and unknown, fixed and contingent, under, arising out of, and/or pursuant to the Reinsurance Agreements and any other agreements relating to or arising out of the Reinsurance Agreements. . . ." (*Id.*, Ex. 1(A), Release Agreement at 1.)

The Release Agreement also contained the following language: "The Parties hereby consent to the jurisdiction of the courts of the State of Illinois, in connection with any legal action arising out of this Agreement." (*Id.*, Art. 11(h).) The Release Agreement further provided that it was to be governed by and construed in accordance with Illinois law. (*Id.*, Art. 11(g).)

A dispute subsequently arose between Continental and LaSalle pertaining to the Retrocession Agreement, and on May 31, 2007, LaSalle made a demand for arbitration.[1] (R. 8, Kreger Aff., Ex. 1(C), Notice of Request to Arbitrate.) On July 25, 2007, Continental filed an action in the Circuit Court of Cook County seeking a declaration of its rights and obligations under the Release Agreement. (R. 8, Kreger Aff., Ex. 1, Continental's State Compl.) Specifically, Continental claimed that the Release Agreement extinguished all of its obligations under the Retrocession Agreement, including its duty to arbitrate disputes, and that LaSalle's demand for arbitration was therefore improper. (*Id.* ¶¶ 1-8.)

On July 26, 2007, Continental filed an emergency motion to stay the arbitration in the state court case. (R. 8, Kreger Aff. ¶ 3 & Ex. 2, Emergency Mot. to Stay Arb.) The motion was

---

[1] The dispute appears to pertain to certain claims of which LaSalle alleges it was not properly notified. (R. 8, Kreger Aff., Ex. 1(C), Notice of Request to Arbitrate.)

2

scheduled to be heard the following day. (*Id.*) The motion was not heard, however, because on July 26, 2007, LaSalle removed the entire case to federal court based on diversity jurisdiction, where it was assigned to this Court. (R. 1, Notice of Removal.)

On July 27, 2007, Continental filed an emergency motion to remand, claiming that LaSalle's removal of the case was improper because of the forum selection clause contained in the Release Agreement. (R. 6, Motion.) Continental further argues that it will suffer injury if the motion is not decided on an emergency basis, because the arbitration process is proceeding and an umpire is due to be selected. (*Id.* at 7.) On July 31, 2007, the parties appeared before this Court, and the Court set an expedited briefing schedule on the motion to remand.[2] (R. 14, Minute Order.) The motion is now fully briefed.

## ANALYSIS

The parties do not dispute that this is an action between a citizen of Illinois and a citizen of a foreign state[3] in excess of $75,000, and is thus within this Court's original jurisdiction. 28 U.S.C. § 1332(a). Further, there is no dispute that LaSalle's notice of removal was timely filed. 28 U.S.C. § 1446. Continental argues, however, that a forum selection clause contained in the Release Agreement prevents this case from proceeding in federal district court. A forum

---

[2] The Court also denied LaSalle's emergency motion (R. 9) requesting that the Court stay this entire proceeding, including the motion to remand, pending the outcome of the arbitration. (R. 14, Minute Order.) Proceeding in this manner would be improper, given our duty to determine first whether this case can proceed in federal court. *See Smith v. Am. Gen. Life & Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003).

[3] Bermuda corporations are treated as foreign citizens for diversity purposes, given Bermuda's status as an overseas territory of the United Kingdom. *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infra. Ltd.*, 536 U.S. 88, 91-92 (2002); *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 582 (7th Cir. 2003).

3

selection clause is enforceable to the same extent as the usual terms of a contract, and must be interpreted in accordance with general contract principles. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1977); *IFC Credit Corp. v. Aliana Bros. Gen. Contractors*, 437 F.3d 606, 610 (7th Cir. 2006). Continental appears to recognize that there is ambiguity in the forum selection clause, focusing its efforts on arguing that the phrase "the courts of the State of Illinois" does not include this Court. (R. 6, Mot. at 3-5.)

Even if we were to agree with this interpretation, however, there is a threshold question as to whether the provision is permissive or mandatory. The Seventh Circuit has held, "[W]here venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006); *Paper Express, Ltd. v. Pfankuch Maschinen*, 972 F.2d 753, 757 (7th Cir. 1992).

Here the clause is not stated as a mandatory venue provision. For instance, it does not state that "all disputes *shall be* resolved" in an Illinois court, that "venue is proper *only* in an Illinois court" or the like. *See Muzumdar*, 438 F.3d at 761; *Paper Express*, 972 F.2d at 755. Instead, the clause merely states that the parties consent to the jurisdiction of the courts of the State of Illinois to resolve their disputes. *See Hull 753 Corp. v. Elbe Flugzeugwerke GmbH*, 58 F. Supp. 2d 925, 927 (N.D.Ill. 1999) "[W]hen parties to a contract locate jurisdiction in a certain court, it does not necessarily follow that they have agreed to venue only in that court.")

Other cases from this district have found similar language to be permissive and not an exclusive venue provision. For example, in *Aramark Mgmt. Serv. Ltd. v. Martha's Vineyard*

4

*Hosp.*, No. 03cv1642, 2003 WL 21476091 (N.D. Ill. June 23, 2003), the clause provided, "The parties agree to submit to the jurisdiction of the courts within the State of Illinois." *Id.* at *3. The court found this clause to be permissive, and thus it did not prohibit transfer of the case to Massachusetts. *Id.; see also Beissbarth USA, Inc. v. KW Products, Inc.*, No. 04cv7738, 2005 WL 38741 (N.D. Ill. Jan. 6, 2005) (clause providing "Each of the parties hereto irrevocably submits to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, or the Illinois State Court in Cook County for any action, suit or proceeding arising out of or in connection with the transactions contemplated by the Agreement" was permissive, not exclusive, and thus did not prevent transfer of case to federal district court in Iowa); *Vincent Union v. Copyright Products*, 874 F. Supp. 880 (N.D. Ill. 1995) (clause providing that "any controversy or claim arising out of or relating to [this contract] shall be within the jurisdiction in Hong Kong" merely reflected a consent and not a mandate to litigate in Hong Kong, and thus the clause did not deprive district court in Northern District of Illinois of jurisdiction over case).

In fact, Continental relies heavily on *Manuf. & Mkting. Concepts v. Southern Calif. Carbide*, 920 F. Supp. 116 (N.D. Ill. 1996), for the principle that this case cannot be removed, but in that case the venue clause was clearly mandatory, providing that any dispute arising out of the agreement "could be settled *only* in an ILLINOIS COURT . . . ." *Manuf. Mkting.*, 920 F. Supp. at 119 (emphasis added). Unlike Continental, the Court finds the term "only" significant, because it evidences the clear intent of the parties to resolve their disputes in an Illinois court. *Id.* The same cannot be said about the clause contained in the Release Agreement.

Under Seventh Circuit case law, where the parties have specified only to jurisdiction, the provision will nonetheless be enforced if there is some other evidence of the parties' intent to

5

make the venue provision exclusive. *Muzumdar*, 438 F.3d at 762; *Paper Express*, 972 F.2d at 757. The Court has no found no such evidence of the parties' intent anywhere within the Release Agreement, nor has Continental pointed us to such evidence. Although there is a general choice of law provision indicating that the Agreement is to be governed by and construed according to Illinois law, *see* Art. 11(g), we conclude that this falls short of the type of evidence necessary for the forum selection clause to be mandatory, since Illinois substantive law will apply even if the case proceeds before this Court. *Erie v. Tompkins*, 304 U.S. 64, 78 (1938); *Lummis v. State Farm Fire & Cas. Co.*, 469 F.3d 1098, 1100 (7th Cir. 2006). Nor does the Court find persuasive Continental's argument that the clause was intended to provide for the resolution of "any legal action" arising out of the agreement in "the courts of the State of Illinois." (R. 18, Reply at 3-4.) The Court finds this a strained reading of the clause, which was clearly couched in terms of consenting to jurisdiction. As drafted, the clause does not evince an intent by the parties to make Illinois the exclusive forum for their disputes.

Continental may also be attempting to invoke a corollary rule that prohibits removal where a forum selection clause evinces a clear intent by the defendant to waive its right to remove. *See Colonial Bank & Trust Co. v. Cahill*, 424 F. Supp. 1200, 1202 (N.D. Ill. 1976); *Euzzino v. London & Edinburgh Ins. Co.*, 228 F. Supp. 431, 432 (N.D. Ill. 1964). For there to be a waiver, however, the defendant must have clearly and unequivocally waived its right to remove. *See id.* For instance, in *Euzzino*, the forum selection clause indicated that the defendants agreed to submit to any court of competent jurisdiction of the plaintiff's choosing, to comply with all requirements necessary to give that court jurisdiction, and to abide by the final decision of that court. *Euzzino*, 228 F. Supp. at 432. The Court found this sufficient evidence

that the defendant had voluntarily waived its right to remove a case which plaintiff chose to file in state court. *Id.*

A general consent to the jurisdiction of a particular court does not, however, adequately demonstrate a waiver of defendant's statutory right to remove. *See RBC Mortg. Co. v. Couch*, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003) ("Where a contract provides that the parties consent to the jurisdiction of state or federal court within a particular region, however, the agreement does not constitute a waiver of a defendant's right to remove."); *see also Cahill*, 424 F. Supp. at 1202 (defendant's mere agreement to appear in court and confess judgment did not constitute waiver of right to remove). For instance, in *Oberweis Dairy, Inc. v. Maplehurst Farms, Inc.*, No. 88 C 4857, 1989 WL 2078 (N.D. Ill. Jan. 10, 1989), the contract language at issue provided that disputes between the parties were to be brought in an Illinois court and decided pursuant to Illinois law. The Court observed that, unlike in *Euzzino*, the clause did not vest in the plaintiff the right to choose a particular court, nor did it bind the defendant to the plaintiff's choice of forum. *Id.* at *2. As such, the Court found the phrase insufficient to demonstrate a clear waiver of defendant's right to remove. *Id.*; *see also Thomas v. Nat'l Canada Fin. Corp.*, No. 94cv4136, 1995 WL 54479 (N.D. Ill. Feb. 7, 1995) (clause in which defendant agreed that "all legal actions or proceedings may be brought in any court of competent jurisdiction in the counties of Cook or Will in the State of Illinois and waives objections to summons, service of process, jurisdiction of the person or venue of such court" did not evidence clear intent by defendant to waive right to remove).

The same reasoning applies here. Absent within the clause is any indication that LaSalle agreed to submit to the court of Continental's choosing, that it would abide by the final decision

of that court, or similar such language. Instead the phrase simply provides that the parties agree to submit to the jurisdiction of the courts of the State of Illinois, likely meaning that LaSalle could not contest personal jurisdiction in an Illinois court. *See Beissbarth*, 2005 WL 38741, at *2. As the phrase was drafted, the Court cannot find within it a clear, unequivocal waiver of Lasalle's statutory right to remove. For these reasons, the Court's rejects Continental's argument that the case must proceed in Illinois court.

## CONCLUSION

For the foregoing reasons, Continental's emergency motion to remand (R. 6) is denied.

Entered:

Judge Ruben Castillo
United States District Court

**Dated: August 7, 2007**